IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARDVARK EVENT LOGISTICS, INC. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 16-5873 |
| BOBCAR MEDIA, LLC and GOLDBERG AND : | |
| COHEN, LLP and MORRIS E. COHEN : | |

O'NEILL, J.                                                                                                  December 21, 2016

## MEMORANDUM

      Plaintiff Aardvark Event Logistics, Inc. filed suit in Pennsylvania state court against three New York citizens—defendants Bobcar Media LLC, Bobcar's intellectual property counsel Morris E. Cohen and Attorney Cohen's firm Goldberg Cohen LLP—alleging that defendants intentionally disparaged plaintiff in an effort to gain a competitive advantage over plaintiff and interfere with its existing and prospective business relations.  On November 14, 2016, defendants filed a notice removing the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff now seeks to remand the case back to state court due to the alleged untimely nature of the removal notice.  For the following reasons, I will deny the remand.

## FACTUAL BACKGROUND

      Plaintiff initiated suit in the Pennsylvania Court of Common Pleas for Montgomery County on September 21, 2016, alleging tortious interference with existing and prospective contractual relations, defamation and civil conspiracy.  Thereafter, plaintiff served a copy of its complaint on defendants via certified mail through the United States Postal Service with return receipt requested.  Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4.  The affidavit of service for defendant Morris Cohen reveals that plaintiff served him on September 26, 2016 at his place of

business at "1350 Avenue of the Americas, *Suite 435*, New York, NY 10019." Id. (emphasis added).  The accompanying postal receipt, however, indicates that he was served at "1350 Avenue of the Americas, *Suite 425*, New York, NY 10019," and that service was accepted by "S. Little."  Id. (emphasis added).  The affidavit of service for defendant Goldberg and Cohen LLP (GC) reveals that it was also served on September 26, 2016 at "1350 Avenue of the Americas, *Suite 435*, New York, NY 10019," while the accompanying postal receipt again indicates service at "1350 Avenue of the Americas, *Suite 425*, New York, NY 10019," with acceptance of service by "Emily Dalton."  Id. (emphasis added).  Finally, the affidavit of service for defendant Bobcar Media, LLC reveals that it was served on September 26, 2016 at "110 Wall Street, 4th Floor, New York, NY 10005" with the postal receipt reflecting the same address and signed by a "Steve Cordon."  Id.

On November 4, 2016, having received no responsive filings, plaintiff mailed a Notice of Intent to File Praecipe for Judgment by Default to each defendant.  Pl.'s Mot. to Remand, Ex. D, ECF No. 7-5.  The accompanying certificates of service for these three defendants were sent to the same addresses as listed in the foregoing affidavits of service for the complaint.  Id.  Ten days later, on November 14, 2016—the same day default judgment was to be entered—defendants filed a notice of removal to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal, ECF No. 1.  In the notice, defendants alleged that they had never effectively been served with the complaint and that the notice of removal was therefore timely.  Id. ¶ 3.

On November 22, 2016, plaintiff filed the current motion to remand on the ground that the notice of removal was not timely filed within the thirty-day removal period set forth in 28 U.S.C. § 1446(b).  Pl.'s Mot. to Remand, ECF No. 7.  Defendants responded on December 6,

2

2016, and plaintiff submitted a reply brief on December 13, 2016.  Defs.' Resp., ECF No. 9 and Pl.'s Reply, ECF No. 11.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  Id.  Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).  Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.  Kimmel v. DeGasperi, No. 00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000), citing 28 U.S.C. § 1447(c).  A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c); N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc., No. 04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005).  Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999), citing Batoff v.

State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); see also Boyer, 913 F.2d at 111 (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."), quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

## DISCUSSION

Plaintiff does not challenge this court's subject matter jurisdiction, but rather seeks remand because defendants did not timely file the notice of removal. Under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id. § 1446(b). This thirty day limitations period for removal is mandatory and cannot be expanded by the court. See Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994). The Court of Appeals has held that the term "initial pleading" triggering the start of the thirty-day removal period in § 1446(b) refers to the complaint, as opposed to a summons or praecipe for writ of a summons. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222–23 (3d Cir. 2005), citing Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999); Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007). "Thus, removal is not proper until a complaint has been served on the defendants." Campbell v. Oxford Elec., Inc., No. 07-541, 2007 WL 2011484, at *2 (E.D. Pa. Jul. 5, 2007). Proper service of process, or a valid waiver, is required for the thirty day clock to begin to run on removal rights. See Murphy Bros., 526 U.S. at 350.

4

Plaintiff alleges that defendants' notice of removal is untimely on its face.  Specifically, plaintiff asserts that Pennsylvania Rules of Civil Procedure 403 and 404 permit service outside the Commonwealth to be effected by certified mail with a return receipt requested.  In accordance with these dictates, plaintiff mailed the complaint to defendants in New York on September 22, 2016 via certified mail, and the receipts were signed on September 26, 2016.  Plaintiff then filed affidavits of service on October 10, 2016 and October 13, 2016.  Nonetheless, defendants did not submit their notice of removal until November 14, 2016, more than thirty days after service of the complaint.  Accordingly, plaintiff concludes that removal was untimely and the case must be remanded.

Plaintiff's argument fails, however, because it has not proven proper service of the complaint on defendants.  The Federal Rules of Civil Procedure authorize the use of state methods of service on extra-territorial defendants.  Fed. R. Civ. P. 4(e).  Service of process outside the Commonwealth of Pennsylvania is governed by Pa. R. Civ. P. 404, which provides that such service outside of Pennsylvania may be effectuated by mail in the manner provided in Rule 403.  Pa. R. Civ. P. 404(2).  Pennsylvania Rule of Civil Procedure 403 states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa. R. Civ. P. 403.  In other words, "Pennsylvania Rule 403 requires . . . a receipt signed by the defendant or his authorized agent."  Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991); see also Barkley v. Westmoreland Cnty. Children's Bureau, No. 11-983, 2012 WL 4482542, at *2 (W.D. Pa. Sept. 26, 2012) (service of process by mail on an individual under Pa. R. Civ. P. 403 requires "a receipt signed by the individual or the individual's authorized agent").  The burden rests on the plaintiff to prove proper service.  See Lampe, 952

F.2d at 701 (finding that, in order for the plaintiff to establish proper service of summons and complaint under Pennsylvania law, the plaintiff had to prove that either defendant or his authorized agent signed the receipts); see also McKinnis v. Hartford Life, 217 F.R.D. 359, 361 (E.D. Pa. 2003) ("It is [the] [p]laintiff's burden to show that service was proper.").

The mere fact that a return receipt is signed, without a showing that the signature belongs to an authorized agent, is insufficient to prove service. Lampe, 952 F.2d at 701. Rather, "[t]he propriety of service under Pennsylvania law commonly depends upon the relationship between the person receiving process and the party to the litigation." Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 485 (3d Cir. 1993). The Court of Appeals has remarked that it could not find "any Pennsylvania decision that held service proper in the absence of a representation that the individual served had actual authority or a direct or claimed relationship with the party to the suit from which authority could be inferred." Id. Consistent with this principle, several courts in this circuit have concluded that an authorized agent for purposes of Pa. R.C.P. 403 must have the authority to accept service of process—as opposed to merely the authority to accept certified mail deliveries. See Pearson v. Sonnet Trucking, Inc., No. 09-5917, 2012 WL 279673, at *2 (E.D. Pa. Jan. 30, 2012) (holding that service was improper under Pa. R. Civ. P. 403 where plaintiff failed to show that defendant authorized the signatory of return receipts to be its agent for purposes of accepting service of process rather than accepting certified mail deliveries); Grant St. Grp., Inc. v. D & T Ventures, LLC, No. 10-1095, 2011 WL 778438, at *2 (W.D. Pa. Mar. 1, 2011) (remarking that the authority of signatory of return receipt to accept certified mail does not render that signatory the defendant's authorized agent under Rule 403); Leggett v. Amtrak, No. 90-3007, 1990 WL 182148, at *1 (E.D. Pa. Nov. 26, 1990) (finding insufficient evidence to conclude service was proper in conformity with Pa. R.C.P. 403 where

nothing in the record demonstrated signatory's "authority to accept service of process on behalf of the corporation").

In this case, plaintiff has not provided any proof that the signatures on the return receipts belong to either defendants or their authorized agents. As to defendant Bobcar, plaintiff mailed a copy of its complaint to Bobcar at its registered business address at "110 Wall Street, 4th Floor, New York, NY 10005." Pl.'s Mot. to Remand, Ex. C. ECF No. 7-4, at 8. That address is identical to the one listed with the New York Department of State, Pl.'s Reply Br., Ex. A, ECF No. 11-1, and on Bobcar's own website. Pl.'s Reply Br., Ex. B, ECF No. 11-2, at 8. The return receipt, however, indicates that the service was signed for by a Steven Cardon. Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4, at 11. Plaintiff has not provided any documentation to establish that Cardon is a proper agent of Bobcar. Nor does the receipt contain an indication that Cardon is either an agent or an addressee. See McKinnis v. Hartford Life, 217 F.R.D. 359, 361–62 (E.D. Pa. 2003) (holding that where postal receipt was signed by an individual, but plaintiff did not establish that individual was a signer and neither the "agent" or "address" box on the receipt was checked, service was not proper). To the contrary, Benjamin Cohen, president of Bobcar, has attested that the "4th floor" of 110 Wall Street hosts approximately twenty companies and that no person named "Steve Cardon" works at Bobcar. Defs.' Resp., Aff. of Benjamin Cohen, ECF No. 9-1, ¶¶ 6–7. To the best of his knowledge, the complaint was never served on Bobcar. Id. at ¶ 8. Absent any evidence establishing that the receipt was signed by an authorized agent of Bobcar, I must conclude plaintiff did not perfect service on Bobcar on September 26, 2016. Id.

As to defendants Cohen and GC, the evidence of record raises two deficiencies in service. First, it is unclear whether the complaint was served at the proper address. The return receipt for both defendants reveals that the complaint was mailed to "1350 Avenue of the Americas, *Suite*

***425***, New York, NY 10019." Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4, at 6 & 16 (emphasis added). This address appears in multiple places, including: (1) Cohen and Goldberg & Cohen's listing with the New York Department of State, Pl.'s Reply Br., Ex. E, ECF No. 11-5; (2) the firm's letterhead as reflected on a May 2, 2016 letter, Pl.'s Reply Br., Ex. D, ECF No. 11-4; and the docket of a currently pending action in the Southern District of New York. Pl.'s Reply Br., Ex. F, ECF No. 11-6. The affidavits of service subsequently filed by plaintiff for both of these defendants, however, indicate that the complaint was mailed to "1350 Avenue of the Americas, ***Suite 435***, New York, New York 10019." Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4, at 3 & 13. According to Morris Cohen's affidavit, GC was never located in Suite 435. Defs.' Resp., Aff. of Morris Cohen, ECF No. 9-2, ¶¶ 5–6. Although GC was originally in Suite 425—the address on the return receipt—the firm moved offices almost two years ago to the third floor. Id. ¶ 7. That third floor address is confirmed by its appearance on the February 4, 2016 complaint filed by GC on behalf of Bobcar against Aardvark in federal court in New York, Defs.' Resp., Ex. 3, ECF No. 9-5, at 3, the April 20, 2016 amended complaint in that action, Defs.' Resp., Ex. 4, ECF No. 9-6, at 26, and Bobcar's opposition to Aardvark's motion to dismiss in that action. Defs.' Resp., Ex. 5, ECF No. 9-7, at 2. Given this conflicting evidence, I cannot conclude that the complaint was clearly served at the appropriate address.

Second, even assuming the complaint was sent to the correct address, plaintiff has failed to adduce proof that it was properly served on and signed for by an authorized agent. Cohen's receipt was signed by an "S. Little," with no indication by plaintiff as to the identity of this individual or whether she was an authorized agent. GC's receipt was signed by an "Emily Dalton." Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4, at 6 & 16. According to defendants, neither Cohen nor GC employ any person by the name of "Emily Dalton." M. Cohen Aff. ¶ 9

Moreover, on both receipts, neither the "agent" nor the "address" box is checked next to the signature.  Pl.'s Mot. to Remand, Ex. C, ECF No. 7-4, at 6 & 16.  Plaintiff bears the burden of submitting evidence that the signatories were authorized to receive service on behalf of the defendant.  See Pearson, 2012 WL 279673, at *2.  Because it has failed to meet this burden, I cannot find that the September 26, 2016 service upon Cohen and GC was valid.

As noted above, "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives services."  DiLoreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009).  Plaintiff, in this case, has neither established proper service nor produced evidence that defendants waived service.  Therefore, plaintiff's September 2016 attempts at service did not trigger the start of the removal period.  Rather, defendants claim that they first received notice of the pending litigation via the November 4, 2016 Notice of Intent to File Praecipe for Default Judgment.  Ten days later, defendants filed their notice of removal to federal court.  Under the record before me in this case, I find that notice of removal to be timely.

## CONCLUSION

For the foregoing reasons, I hold that defendants' notice of removal did not fall outside the thirty-day statutory time period set forth in 28 U.S.C. § 1446(a).  Accordingly, I will deny the motion for remand.[1]

An appropriate order follows.

---

[1] Defendants raise two additional arguments against remand:  (1) this court lacks personal jurisdiction over defendants and (2) a state court action is subject to dismissal under Pa. R. Civ. P. 1028(a)(5) because there is a prior-filed action in another court.  These arguments are not proper on a motion for remand, but rather are more appropriately addressed in the context of a motion to dismiss, one of which is currently pending in this case.